## CROFUT V. WOOD.

*Recital — in deed of unrecorded mortgage not notice to subsequent mortgagee.*

A recital in a deed to the grantor of G. of the existence of a prior unrecorded mortgage, *held*, not to be notice to a mortgagee from G. of such unrecorded mortgage.

APPEAL by defendant, Matthias B. Smith, from an order at special term overruling the report of a referee to determine the rights of parties claiming surplus moneys upon a foreclosure sale.

The action was brought by Sidney W. Crofut against Samuel M. Wood and others to foreclose a mortgage. After the foreclosure sale there remained a surplus, which was claimed by defendants, Matthias B. Smith and Polly Gray. On the 28th of September, 1872, there being the mortgage in suit, and an unrecorded one held by Matthias B. Smith, amounting together to $2,250, upon the premises, the owner of the equity of redemption conveyed the same to one Trimble. The deed contained this provision: "Subject, however, to two certain mortgages, now existing liens on said premises, amounting in the aggregate to the sum of $2,250." On the 10th of October, 1872, Trimble conveyed to Richard S. Gray. Both deeds mentioned were recorded October 15, 1872. On the 1st of December, 1872, Richard S. Gray executed a mortgage for $1,750 to Polly Gray. This mortgage was recorded December 23, 1872. That to Smith was recorded in 1874.

The referee held that, although the Smith mortgage was not recorded, the provision in the deed to Trimble was notice to Polly Gray of its existence.

*Alonzo C. Farnham,* for appellant.

*James K. Averill* and *W. T. B. Milliken,* for respondent.

Present — BARNARD, P. J., and DONOHUE, J.

Crofut v. Wood.

BARNARD, P. J. The Gray mortgage was first recorded, and primarily Mrs. Gray has the first lien by reason of priority of record. What has she done whereby her mortgage is to be made subsequent to the Smith mortgage? That mortgage was the first in date — was given for a good consideration, but was not recorded. Mrs. Gray had no actual notice of the Smith mortgage. In the deed from Wood to Trimble there is this clause: "Subject, however, to two certain mortgages now existing, liens on said premises, amounting in the aggregate to the sum of $2,250." This deed is dated September 28th, 1872. In October of the same year Trimble conveyed to Richard S. Gray. Gray in December, 1872, executed the mortgage to Polly Gray. There was but one mortgage on record when Mrs. Gray took her mortgage and when Trimble sold to Richard S. Gray — the Crofut mortgage. Is that clause in the Trimble deed notice of the Smith mortgage to Polly Gray? What notice is it? We assume that she searched and found a deed dated three months before she took her mortgage, which recited that the property was then subject to two mortgages amounting to $2,250. She searches and finds but one on the record. No name is given in the deed of the person by whom or to whom given. She takes her mortgage and records it. Is this evidence to be held sufficient to make her guilty of a fraud as against the Smith mortgage in recording her mortgage first? Was she bound to examine the Trimble deed at all? Must a person about to take a mortgage examine the deeds of the several grantees of the title about to be incumbered, to see if those deeds mention mortgages not recorded? If there be an obligation to examine the deeds and they do recite the fact that at its date the title is subject to mortgages, is this to be notice of the continuance of such mortgages as against the record? We think Mrs. Gray entitled to the surplus.

The order is affirmed, with costs.

*Order affirmed.*